# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00455-CR

**Sabino Rodriguez, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-02-269, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Sabino Rodriguez of indecency with a child by contact.  After he pleaded true to previous convictions for aggravated kidnaping and indecency with a child, the court assessed punishment at 25 years in prison.  Rodriguez contends on appeal that the court erred by allowing the complaining witness to testify regarding an unindicted sexual act by appellant. Rodriguez also argues that the evidence was factually insufficient to support a conviction.  We will affirm the conviction.

## BACKGROUND

In 2000, S.S. lived with her uncle and his girlfriend, Anna Herrera, while S.S.'s parents were in prison.  S.S. was seven years old.  S.S. regularly went to visit her siblings and other

relatives—including her grandmother, Adelle Rodriguez, and appellant, her grandmother's boyfriend or common-law husband. Herrera testified that, after one of these visits, she noticed that S.S. was bleeding in her vaginal area. Herrera asked S.S. if she had hit herself or if someone had been touching her there. Herrera said that appellant had touched her.

S.S. testified that appellant touched her "middle part," which she identified on a doll as her genitals, with his hand; she said he was not putting medicine on her. She testified that he later did it a second time using his hand and his mouth. In an interview taped at a children's advocacy center (and played for the jury), S.S. said that appellant touched her six times. At one point, S.S. testified that appellant touched her genitals while they were play-wrestling; shortly thereafter, however, she denied play-wrestling with appellant.

Patricia Perez, S.S.'s father's sister, testified that S.S. has given inconsistent stories regarding the abuse. Perez said S.S. told her appellant touched her genitals while play-wrestling. Perez denied that S.S. told her that appellant touched her genitals with his mouth. Perez also testified that she had seen S.S. and her siblings watching pornographic movies and that the children were inappropriately sexual; for example, Perez walked in on S.S.'s eight-year-old brother engaging in sexual acts with a thirteen-year-old neighbor while S.S. watched, and Perez had heard that the same boy was accused of sexually assaulting schoolmates. Perez also questioned the veracity and motivation of S.S.'s accusations when she testified that she and Adelle Rodriguez were involved in a custody dispute with S.S.'s mother, Gabriela Alvarez, regarding S.S.'s siblings and that Alvarez prompted Child Protective Services to investigate Perez for sexual and emotional abuse.

2

Two members of the Hays County Sheriff's Office testified as well. Detective Jeri Skrocki testified that delayed outcry is not unusual in cases of sexual abuse of young children. She also said that evolution of and additions to the child's story is not unusual, nor is uncertainty with issues like time frame. Skrocki also testified that children sometimes make false accusations, including accusing the wrong person of abuse that occurred in order to protect the real abuser. Deputy Sheriff Pedro Hernandez testified that, when he went to serve the arrest warrant, appellant hid in a bedroom closet.

## DISCUSSION

Appellant raises two points of error. He complains that the court erred by admitting S.S.'s testimony regarding mouth-to-genital contact for which appellant was not indicted. He also contends that the verdict was not supported by factually sufficient evidence.

We review the admission of evidence for an abuse of discretion. *Salazar v. State*, 38 S.W.3d 141, 153 (Tex. Crim. App. 2001); *Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990). If the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion, and we must uphold the trial court's ruling. *Salazar*, 38 S.W.3d at 153-54; *Montgomery*, 810 S.W.2d at 391.

The district court held that the evidence was admissible under statutory and rule-based grounds. *See* Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 2004-05); Tex. R. Evid. 404(b). Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Tex. R. Evid. 404(b). However, such evidence is admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

3

knowledge, identity, or absence of mistake or accident. *Id.* And, notwithstanding rule 404, evidence of other crimes, wrongs, or acts committed by the defendant against a child victim shall be admitted for its bearing on relevant matters such as the state of mind of the defendant and the child. Tex. Code Crim. Proc. Ann. art. 38.37, § 2.

The court did not err by admitting the evidence under either the rule or the statute. The court could have reasoned that evidence of the second contact undercuts the evidence that the contact was incidental to play-wrestling and not indecent. The court could have concluded that evidence of a second indecent contact supports intent, knowledge, plan, and the absence of mistake or accident, thus making it admissible under the rule. *See* Tex. R. Evid. 404(b). In that same vein, the court could have found that the evidence of the second contact tends to show appellant's state of mind when making contact with S.S.'s genitals, thus making the testimony admissible under the statute. Tex. Code Crim. Proc. Ann. art. 38.37, § 2(a). Finding no abuse of discretion in the admission of this evidence, we overrule point of error two.

By his remaining point of error, appellant contends that the verdict is supported by factually insufficient evidence. Appellant relies on the different versions of events S.S. told to show the weakness of the evidence. Appellant contends that the variations among S.S.'s different versions of events undermine her credibility and dilute the strength of the evidence so much that the jury could not rationally have found the elements of the offense beyond a reasonable doubt.

We review all of the evidence in the record neutrally to determine whether the proof of guilt is so weak or the contrary proof is so strong as to preclude a rational finding of guilt beyond

4

a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We must accord due deference to the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, and the reviewing court may disagree with the fact finder only when the record clearly indicates that such a step is necessary to prevent a manifest injustice. *Johnson*, 23 S.W.3d at 9.

S.S. testified that appellant touched her genitals twice, once with his hand and once with his mouth. On the videotape from the advocacy center, she said that he touched her six times. Perez testified that S.S. did not report touching by appellant's mouth, and that S.S. claimed that the touching occurred while she was play-wrestling with appellant. S.S. testified that she told Perez and others that appellant touched her genitals with his mouth. S.S. also both confirmed and denied the play-wrestling report within a brief period in her testimony.

The sheriff's detective offered explanations for these variations in S.S.'s testimony that alternately supported and undercut the verdict. The detective testified that children's reports of abuse were often delayed and evolved over time; this could be because they were ashamed, fearful, or unwilling to implicate a relative. The detective also testified that children sometimes accused a person other than their actual abuser in order to protect the abuser.

We conclude that the resolution of the variations in the evidence was within the realm of a credibility determination by the jury. Because the record does not clearly indicate that the jury's finding works a manifest injustice, we must defer to the jury's determinations concerning the weight and credibility of the evidence. *See Johnson*, 23 S.W.3d at 9. We overrule point of error one.

5

## CONCLUSION

Having overruled both of appellant's points of error, we affirm the judgment.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed:   February 17, 2005

Do Not Publish